Laubie, J.
This case of Polhamus against the Board of Education of Cleveland is here on a motion for an order restraining the board from performing, or paying any money upon a con *258 tract referred to in the pleadings, until the case can be heard on its merits.
The board of education was to build what is denominated in the pleadings, the Franklin High School building, and, under the statute, prepared specifications and , called for bids for the construction of various portions of this building and, among others, for what is termed the fire-proofing of the building, These were published, according to law, in the newspapers in the county, calling for bids for the work to be done according to certain systems of fire-proofing, and that the board of education reserved to itself the right to determine which system would be adopted after the bids were opened.
And it is claimed that the board of education, instead of following the statute and awarding the contract to the lowest responsible bidder, disregarded that provision in the statute, and awarded the contract to the highest bidder.
The method adopted by the board was to call for bids upon three distinct systems of fire-proofing: the Paige Concrete, the Expanded Metal, and the National Concrete. They were represented by the parties that are named in the pleadings: The Paige Concrete Fire-Proofing Company, the Expanded Metal Fire-Proofing Company, and the National Concrete Fire-Proofing Company. And as to these three systems there was but one bid on the Paige FireProofing System, one bid on the Expanded Metal FireProofing System, and two bids on the National Concrete Fire-Proofing System. And, in awarding the contract, the board of education did award it to the highest bidder, and whose bid was considerably higher than the bid of the Paige Fire-Proofing Company. And the question is, whether this was a violation of the statute, in awarding this contract to the highest bidder instead of the lowest responsible bidder.
It is claimed that these systems, which were numbered 1, 2 and 3, in the call for bids, were each patented, and were each held and owned by one company only. And if this was so, individually I should agree with the contention of the plaintiff that it was illegal to award the contract to either of the bidders under such circumstances. I say “individually”, because I give it as my own individual opinion, *259 and not as that of the court, it being unnecessary to decide that question. Under such a state of facts, where but one person or company could bid upon the system because it was patented and owned by a single company, and 'the board of education undertook to do as it did in this instance, ask for bids upon three of these patented inventions and selected one after the bids were in, it would seem to be only a method of asking the lowest price of one individual to do the work, and entirely annul the provisions of the statute requiring competitive bidding. The board of education might just as well advertise for one party only to bid, or it might just as well award the contract to such party without any publication or bid: but, perhaps, that would not be the opinion of this court if it were necessary to decide it.
Sanders & Wilson, for Plaintiff.
Mogsett, Beaeom, Excell, Gage & Carey, for Defendant.
But it is not necessary to decide it, because there is no showing, and no allegation in the petition, that these systems were patented and were owned simply by the companies whose names they bear, or by any single individual or company. Indeed, it is alleged in the answer,' that everybody of the public could bid upon these systems, and there is nothing to show differently. In any event, even though the court should take my individual view of the question, it would be necessary to show the fact that these systems were each patented and were each o.wned by a single company. Nothing of that character appears in this case; and, so far as we know, anybody and everybody could bid upon each system.
That being the case, it disposes of the question, and we see no reason why the board of education might not, at the conclusion of the bids and the opening of them, select a system and award the contract, as was done; because it would be the same them — -as everybody was entitled to bid upon the system — 'as though the board had named one system in the call for bids.
It was no violation of the law for the board of education to determine which system to adopt after the bids were opened, and to award the contract to the only bidder upon such system, under such circumstances.
The motion, therefore, for a temporary injunction, will be overruled.